■ WICKHAM CONTRACTING CO., INC., Appellant, v GEVYN CONSTRUCTION CORP., Respondent.—In an action based upon a liquidating agreement, plaintiff appeals from an order of the Supreme Court, Westchester County, entered September 13, 1977, which denied its motion, pursuant to CPLR 3213, for summary judgment in lieu of complaint in the sum of $37,476.74, together with interest thereon from November 22, 1976. Order reversed, on the law, and motion granted, with $50 costs and disbursements. Defendant entered into a contract with the Federal Government for the construction of a building. Plaintiff and defendant thereupon entered into a subcontract which provided for the former to do certain work for the latter for the sum of $825,000, which, as a result of modifications, was adjusted to the sum of $1,057,355.39. Plaintiff duly performed its work, whereupon it entered into a liquidating agreement with defendant setting forth the contract balances due, and providing in paragraph 2 of the agreement that a portion of the amount due, namely $37,476.74, was to be paid "within thirty days after contractor receives' final payment from the owner under the prime contract or within one year of the date hereof." More than one year elapsed, during which time the Federal Government made final payment under defendant's prime contract, but withheld $15,639.63, pending the resolution of a claim of payroll violations. Defendant, in turn, deducted this amount from the sum of $39,575, which had been set aside as a reserve fund in accordance with the liquidating agreement. The balance of that fund was remitted to plaintiff. In addition, defendant also withheld payment of the $37,476.74 provided for in paragraph 2 of the liquidating agreement. Under these circumstances, including the fact that the liquidating agreement consisted of four divisible sections, we find that paragraph 2 of that agreement is an acknowledgment of an obligation upon an account stated, and is a promise for the payment of money only ($37,476.74), thus falling within the requirements of CPLR 3213. Mollen, P. J., Latham, Damiani and Suozzi, JJ., concur.

■ In the Matter of HAROLD ANDREWS, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review the determination of the respondent Commissioner of the New York State Department of Social Services, dated March 31, 1977, which, after a statutory fair hearing, affirmed a determination of the respondent Commissioner of the Nassau County Department of Social Services denying petitioner's application for public assistance. Proceeding dismissed on the merits and determination confirmed, without costs or disbursements. The determination of the State commissioner that the petitioner's family was not in need of public assistance because resources were available to it was supported by substantial evidence. Shapiro, J. P., Cohalan, Hawkins and O'Connor, JJ., concur.