■ HARVEY B. TATERKA, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY et al., Respondents. — Order of the Supreme Court, New York County (Lehner, J.), entered on December 29, 1981, which denied the motion by plaintiff-appellant Harvey B. Taterka for summary judgment, is modified, on the law, to the extent of granting summary judgment to defendants-respon-

dents Nationwide Mutual Insurance Company and National Casualty Company dismissing the complaint, and otherwise affirmed, without costs or disbursements. The plaintiff, a physician specializing in ophthalmology, instituted the instant action to recover proceeds pursuant to three disability insurance policies. Until February 2, 1979, when he suffered a heart attack and stroke, the plaintiff was engaged in private practice, taught medicine part time at New York University College of Medicine and the Veterans Administration Hospital and performed various other duties for New York University and the Veteran's Administration. He alleges that due to the physical incapacitation caused by his illness, he has been forced to abandon his practice and is also unable to pursue certain ophthalmology-related functions at New York University and the Veteran's Administration. The plaintiff received benefits under the policies in question during his period of convalescence, but since his return to his faculty positions at New York University and the Veteran's Administration, the respondents have refused to make any further payments on the ground that he is no longer completely disabled. It is the plaintiff's contention that because he is now limited to teaching, administration and general supervisory responsibilities, he is unable to fulfill the duties of his profession and is thus totally disabled as a matter of law, and, accordingly, Special Term erred in denying his motion for summary judgment. Each of the policies at issue contains the following provision: "If 'such injury' shall wholly and continuously disable the Insured so as to prevent him from performing any and every duty of his occupation or profession, such disability commencing while this policy is in force, the Company will pay the Monthly Disability Benefit stated in the Schedule for so long as the Insured is so disabled and is under the regular care and personal attendance of a legally-qualified physician or surgeon other than himself". However, by his own admission, the plaintiff is currently employed for a period of 52 hours a week. He has a position as professor of clinical ophthalmology at New York University; and, as the section chief of ophthalmology at the New York Veteran's Administration Hospital, he is actively involved in the selection and training of residents and the supervision of patient care. Additionally, he assists in the operating room of the hospital. Many of the plaintiff's functions may only be undertaken by a licensed physician; all of them are directly related to the practice of medicine and are similar to those which he performed prior to the onset of his medical problems. Consequently, he continues to actively and fully participate in his occupation or profession and, therefore, cannot be deemed to be totally disabled. Under these circumstances, the defendants are entitled to summary judgment dismissing the complaint. CPLR 3212 (subd [b]) permits the court, on a summary judgment motion, to grant it to any party other than the movant even when such relief is not specifically requested. The exercise of this authority may occur on the appellate level as well. (*Howell v Davis*, 58 AD2d 852, affd 43 NY2d 874.) Concur — Sullivan, J. P., Ross, Carro, Asch and Milonas, JJ.