■ GULF & WESTERN INDUSTRIES, INC., et al., Respondents, v SEABOARD SURETY COMPANY, Appellant. — Order, Supreme Court, New York County (Grossman, J.), entered March 11, 1983, which, *inter alia,* denied defendant's motion for partial summary judgment dismissing that portion of the first cause of action seeking "incidental damages" in the amount of $442,586 and money damages in the sum of $175,000, unanimously modified, on the law, without costs or disbursements, to grant the motion insofar as the claim for incidental expenses is concerned, and, except as thus modified, affirmed. ¶ Plaintiff, an insured under an advertiser's liability policy, settled a lawsuit against it by Consolidated Foods Corporation for trademark infringement and unfair competition arising out of the packaging and advertising of plaintiff's product, L'Eggs pantyhose. Trademark infringement was excluded under the policy. Unfair competition was not. Shortly after the commencement of the underlying action plaintiff and defendant had agreed that except for a trademark

infringement cause of action all coverage questions with respect to the complaint would be reserved for determination pending the outcome of the underlying action. At that time defendant had obligated itself to pay the legal fees of one of the law firms plaintiff had engaged to defend that action. As part of the settlement of the underlying action plaintiff was required to pay $175,000 to Consolidated as liquidated damages on its unfair competition claim. Recovery of that sum is sought in this action as well as the "incidental damages", totaling $442,586, allegedly expended by plaintiff in complying with the injunctive provisions of the consent judgment entered on the settlement agreement. Those expenses were incurred in changing certain of plaintiff's hosiery packages, point-of-sale material, promotional displays and consumer targeted material. On its motion for summary judgment, defendant sought, *inter alia,* dismissal of the claims for incidental expenses and reimbursement of the $175,000 payment. It claimed that incidental expenses are not covered under the policy and that the payment of $175,000 was made to reimburse Consolidated for attorney's fees and related expenses, and not in settlement of its unfair competition claim. Plaintiff was not required to obtain defendant's prior consent as to any part of the settlement which required the payment of money to Consolidated. ¶ Since we find that there is no basis for such a claim under the policy, the claim for incidental expenses should have been dismissed. The policy limits defendant's obligation to indemnify to "all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law, or assumed by him under contract as defined herein, as the result of any final judgment for money damages resulting from" certain specified risks, including unfair competition. Incidental expenses such as those claimed here are not within the purview of money damages and are not recoverable under the policy. (See *Aetna Cas. & Sur. Co. v Hanna,* 224 F2d 499.) Other than the provision for the payment of $175,000 to Consolidated the settlement did not require the payment of money damages. We would grant summary judgment to plaintiff on the $175,000 payment, although it was never requested, since we have the power to search the record (CPLR 3212, subd [b]; see *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Taterka v Nationwide Mut. Ins. Co.,* 91 AD2d 568, 569, affd 59 NY2d 743), were it not for the existence of a factual issue as to whether the payment, notwithstanding its avowed purpose, was in reality a payment to settle the trademark infringement aspect of the complaint. That Consolidated's attorney's fees were used as a barometer of its damages is of no moment if the payment was intended to settle a claim otherwise covered by the policy. Concur — Kupferman, J. P., Sullivan, Asch, Bloom and Milonas, JJ.