DRESDNER BANK AG. (NEW YORK BRANCH), Appellant, v
MORSE/DIESEL, INC., Respondent.

First Department, March 11, 1986

APPEARANCES OF COUNSEL

*Eric A. Savage* of counsel *(David B. Wolf* with him on the brief; *Walter, Conston & Schurtman, P. C.,* attorneys), for appellant.

*Leonard R. Berson* of counsel *(Savrin & Berson,* attorneys), for respondent.

### OPINION OF THE COURT

SULLIVAN, J.

This is an action commenced by motion for summary judgment in lieu of complaint to recover $36,971.07, plus legal fees, on an agreement which absolutely and unconditionally guaranteed both payment and performance under a construction contract. The threshold question is whether such an agreement constitutes an "instrument for the payment of money only" within the contemplation of CPLR 3213 so as to qualify for the summary procedure provided therein. We agree with Special Term that it does not, and affirm.

The facts are relatively uncomplicated. In early 1979, Dresdner Bank undertook extensive renovation work on the three office floors it occupied at 60 Broad Street in New York City. Part of the project, known as Phase I, included demolition work on two of the floors and the installation of an interior two-flight steel stairway connecting all three floors.

On May 9, 1979, Dresdner and its architect awarded the Phase I contract to Arnott-Bennis, Inc., an interior alterations contractor and wholly owned subsidiary of Morse/Diesel, Inc., conditioned upon, *inter alia,* the receipt, prior to commencement of the work, of a guarantee from Morse/Diesel, Inc., of "the due and timely performance by [Arnott-Bennis] of each and every obligation of [Arnott-Bennis] under [the] Agreement." Morse/Diesel is a manager of high-rise building construction. That same day Morse/Diesel delivered to Dresdner its letter agreement guaranteeing "(i) the timely and complete

performance by [Arnott-Bennis] of all of the covenants and agreements of [Arnott-Bennis] pursuant to the [c]ontract and (ii) the payment to [Dresdner] when due of any and all amounts, damages, costs and expenses which may become due to [Dresdner] from [Arnott-Bennis]."

Pursuant to its contract with Dresdner, Arnott-Bennis was required to complete the Phase I work within 90 days. A change order, however, extending the interior stairway to a subsequently leased fourth floor, engendered a number of design changes. Consequently, Arnott-Bennis claims, it was unable to meet its time schedule with the result that, on December 10, 1979, Dresdner terminated the contract and engaged another renovations contractor to complete the work. Dresdner, on the other hand, contends that it terminated the contract because of Arnott-Bennis' defaults and failure to perform the renovations in a workmanlike manner.

On July 1, 1981, Dresdner commenced arbitration proceedings to recover $139,795.73 in additional costs necessarily incurred as a result of Arnott-Bennis' breach of the Phase I contract. After hearings, the arbitrators rendered an award in Dresdner's favor in the sum of $35,272.10. The award was subsequently confirmed and a $36,971.07 judgment, which remains unsatisfied, entered. Despite Dresdner's demand therefor, Morse/Diesel, which was not a party to the arbitration proceedings, has refused to make any payment under its guarantee.

In opposition to Dresdner's motion for summary judgment Morse/Diesel asserted the defense of material alteration, arguing that the change order for the third flight of stairs imposed changes so substantial in scope, design and cost that it effectively created a different contract between Arnott-Bennis and Dresdner, one not covered by the terms of the guarantee. Morse/Diesel also argued that the guarantee was not an instrument for the payment of money only. Special Term, finding that the letter agreement guaranteed performance as well as payment, agreed, and denied the motion. It also found that the question of whether the change order discharged Morse/Diesel's obligations as a guarantor presented factual issues which barred the grant of summary judgment.* In our view, the merits of Dresdner's claim should not be reached since, as already noted, the document upon which it seeks to

---

* Our affirmance should not be construed as an indorsement of this observation, which, in any event, is dictum.

recover does not provide an appropriate vehicle for CPLR 3213 relief.

CPLR 3213 recites, in relevant part, "When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." It has been noted that "[t]he justification for this expedited procedure is that such obligations are presumptively valid, and holders of them, in the absence of questions of fact as to authenticity or default, should not be subject to the delay occasioned by formal pleading". *(Logan v Williamson & Co.,* 64 AD2d 466, 469.) At the same time, however, courts have been emphatic that "[w]hen the instrument itself calls for something more than the payment of money * * * the 3213 motion for summary judgment will be denied and the parties directed to plead" *(supra,* p 469).

The issue of what constitutes an instrument for the payment of money only has spawned "a plethora of irreconcilable caselaw." (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3213:3, p 829.) "For the most part, the cases permitting use of the CPLR 3213 procedural device have dealt primarily with some variety of commercial paper in which the party to be charged has formally and explicitly acknowledged an indebtedness". *(Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 154-155 [see cases cited therein].) As noted in *Wagner v Cornblum* (36 AD2d 427) where CPLR 3213 treatment has been denied "the characteristic common to the document sued upon * * * is that such instrument, as here, called for something in addition to the payment of money" *(supra,* at p 429). Whatever conflict there may be on the subject generally, an unconditional guarantee of payment has been held to be an instrument for the payment of money only within the meaning of CPLR 3213. *(Rhodia, Inc. v Steel,* 32 AD2d 753; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617.)

An agreement to pay money may meet the statutory criterion, even though it is part of a larger transaction and the obligor has covenanted to perform other acts under a "separate but contemporaneous contract executed as part of the same general transaction." *(Logan v Williamson & Co.,* 64 AD2d, at p 469.) But that is not the case here. In *Logan,* the defendant executed promissory notes as part of the contract

price for its purchase of the capital stock and all of the assets of a corporation which manufactured printing presses. The plaintiff, the corporation's principal, also entered into two other separate agreements with the defendant, one a contract of employment, and the other an agreement not to compete. After defaulting on the notes, the defendant raised as a defense to a CPLR 3213 motion breach of both the employment contract and the agreement not to compete. Although refusing to dismiss the defendant's claims asserting breach of the other agreements, the court found that they were not a defense to the CPLR 3213 motion because the notes were classically instruments for the payment of money only. Thus, the rule is well established that the invocation of defenses based on facts extrinsic to the instrument does not affect the instrument's eligibility for CPLR 3213 consideration. *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d, at p 137.)

In this case, however, since the May 9, 1979 letter agreement includes the guarantee of both payment and performance within its terms, it is not an instrument for the payment of money only, and thus, may not support a CPLR 3213 motion. Relevant in this regard is *Associated Capital Servs. Corp. v Lichtenstein* (94 AD2d 736). There, the court refused to accord CPLR 3213 treatment to a guarantee of " 'the prompt and complete performance * * * of all the covenants and conditions' " to be performed under a lease of communications equipment *(supra,* p 736). While there the obligation to pay money was implicitly incorporated within the phrase "all the covenants and conditions" and here the guarantee to pay is a separate and explicitly identified obligation within the instrument, the result should be no different. The instrument itself contains obligations other than one to pay money only, and thus falls outside the scope of the statute.

The holding in *Wickham Contr. Co. v Gevyn Constr. Corp.* (64 AD2d 982) that the clauses of the agreement involved were divisible is, we believe, to be limited to the circumstances of that case, since there the parties had executed a liquidating agreement which, in the one paragraph relied upon, memorialized a $37,476.74 indebtedness to the plaintiff upon an account stated. That is an entirely different matter. Here, the contract of guarantee is an entire, not divisible, one since by its terms, nature and purpose, each of its parts appear to be interdependent and common to one another and to the consideration. *(See, First Sav. & Loan Assn. v American Home Assur.*

*Co.,* 29 NY2d 297, 299.) A contract is said to be divisible if, by its terms, " 'performance of each party is divided into two or more parts * * * and the performance of each part by one party is the agreed exchange for a corresponding part by the other party.' " (6 Williston, Contracts § 860 [3d ed]; *see also,* Restatement [Second] of Contracts § 183.) Although Morse/Diesel may have made more than one promise, the consideration for which it bargained, i.e., the award of the construction contract to Arnott-Bennis, is not apportionable.

■ Dresdner also argues that even if CPLR 3213 is unavailable as a procedural remedy it is entitled to summary judgment notwithstanding, since under CPLR 3212 (b) this court has the power to search the record and award such judgment as is warranted *(see, e.g., Gulf & W. Indus. v Seaboard Sur. Co.,* 100 AD2d 820, 821; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Taterka v Nationwide Mut. Ins. Co.,* 91 AD2d 568, 569, *affd* 59 NY2d 743). That argument fails since if CPLR 3213 is inapplicable the matter is not before us at all for summary judgment consideration. To reach the merits in a case where the instrument falls outside the scope of the statute would, in our view, impair the integrity of the CPLR 3213 procedural device.

Accordingly, the order, Supreme Court, New York County (Burton S. Sherman, J.), entered January 29, 1985, which denied plaintiff's motion for summary judgment pursuant to CPLR 3213, should be affirmed, with costs and disbursements.

SANDLER, J. P., LYNCH, MILONAS and ROSENBERGER, JJ., concur.

Order, Supreme Court, New York County, entered on January 29, 1985, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal.