OPINION OF THE COURT
Harold Baer, Jr., J.
Plaintiff, International Consolidated Industries, Inc. (ICI), *607 seeks an order pursuant to CPLR 3213 granting summary judgment in lieu of complaint.
On December 31, 1984, ICI agreed to purchase shares of Norton & Co., Inc. stock for $600,000 (the Agreement) with the option to sell back or "put” to Norton & Co. all stock at the original purchase price plus all accrued dividends.
On March 31, 1985, ICI, in writing, exercised its option to sell all of the preferred shares back to Norton & Co. on the terms specified in the Agreement. Norton & Co. repurchased only one half of ICI’s shares and thus now seeks $300,000 — the amount claimed due and owing under the Agreement.
Defendants first urge that the Agreement is not an instrument for the payment of money only since proof outside the instrument is required to establish a valid course of action. However, the instrument and proof of nonpayment here make out a prima facie case. (Interman Indus. Prods. v R.S.M. Electron Power, 37 NY2d 151 [1975].) Proof of the demand to repurchase the shares held by ICI is included in the moving papers, and defendants do not deny that Norton & Co. failed to repurchase all of ICI’s shares. Moreover, the put option was a severable agreement from the original purchase contract and as such constitutes a separate instrument for the payment of money only. (Wickham Contr. Co. v Gevyn Constr. Corp., 64 AD2d 982 [2d Dept 1978].)
Defendant next contends that a material issue of fact exists because under Delaware Code Annotated, title 8, § 160 a corporation is prohibited from redeeming its own shares if the redemption would impair the corporation’s capital. The 1974 amendment, however, to section 160 specifically allows a corporation to pledge to repurchase its own shares "if at the time such note, debenture or obligation was delivered by the corporation its capital was not then impaired or did not thereby become impaired” (Del Code Ann, tit 8, § 160 [a] [1]).
The language of the Court of Appeals for the Seventh Circuit construing this amendment In re Reliable Mfg. Corp. v Libco Corp. (703 F2d 996, 1002 [7th Cir 1983]) is instructive: "The language of this amendment strongly suggests that the relevant time at which to evaluate whether a corporation’s capital has been impaired is the time at which the challenged obligation was entered into.”
From the papers before me, Norton & Co. was adequately capitalized on the day it obligated itself to repurchase its stock and therefore may not rely on section 160 to invalidate that *608 obligation. The cases cited by defendants are inapposite; they either relate to Delaware law prior to the 1974 amendment or State statutes substantially different from section 160, as amended.
Accordingly, plaintiff’s motion pursuant to CPLR 3213 for summary judgment in lieu of a complaint is granted as to the value of the unpurchased shares.
This constitutes the decision and order of the court; the clerk is directed to enter judgment in the amount of $300,000 plus appropriate interest. The claim for attorneys’ fees is severed as against B. Roy Norton III and upon payment of any fees, the filing of a note of issue and request for judicial intervention, the matter will be assigned for a hearing.