■ NORDEA BANK FINLAND PLC, Respondent, v JOHN V. HOLTEN, Appellant. [923 NYS2d 464]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered April 19, 2010, awarding plaintiff $3,314,956.75, plus interest in the amount of $25,643.67 and costs in the amount of $200, for a total sum of $3,340,800.42, and order, same court and Justice, entered December 4, 2009,

which, to the extent appealed from, granted plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, without costs.

Plaintiff demonstrated its entitlement to summary judgment pursuant to CPLR 3213 by establishing the existence of a put agreement that was expressly an independent, absolute and unconditional obligation to pay money only, and by submitting an affidavit of nonpayment (*see Bank of Am., N.A. v Solow*, 59 AD3d 304, 304-305 [2009], *lv dismissed* 12 NY3d 877 [2009]; *see also International Consol. Indus. v Norton & Co.*, 132 Misc 2d 606, 607 [1986]). Summary judgment pursuant to CPLR 3213 was appropriate even though the obligation was referenced by underlying agreements (*see Bank of Am.*, 59 AD3d at 305). In opposition, defendant failed to raise an issue of fact since his contentions are contradicted by the unambiguous terms of the relevant documents.

Defendant's argument, improperly raised for the first time in his reply brief, that the "put," which functioned here as a guaranty, was barred by section 16 (b) of the Securities Exchange Act of 1934 (15 USC § 78p [b]), is unavailing. That section would not invalidate the agreement, but might affect defendant's liability for any profit from the put. Moreover, the section, which is triggered when an insider both purchases and sells securities within a six-month period, was never triggered here since there was, at most, only a purchase of shares by defendant. Concur—Mazzarelli, J.P., Sweeny, Acosta, Renwick and DeGrasse, JJ.