JFURTI, LLC v First Capital Real Estate Advisors, L.P. (2018 NY Slip Op 06493)





JFURTI, LLC v First Capital Real Estate Advisors, L.P.


2018 NY Slip Op 06493


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Renwick, J.P., Gische, Kahn, Kern, Moulton, JJ.


7207 653823/16

[*1]JFURTI, LLC, Plaintiff-Appellant,
v
First Capital Real Estate Advisors, L.P., et al., Defendants-Respondents.


Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., New York (Narges M. Kakalia of counsel), for appellant.
Sher Tremonte LLP, New York (Erica A. Wolff of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 9, 2016, which denied plaintiff's motion for summary judgment in lieu of complaint with respect to a settlement agreement and a guaranty, and granted defendants summary judgment dismissing plaintiff's claim, unanimously modified, on the law, to reinstate plaintiff's claim, convert it to an action on summons and complaint, grant partial summary judgment on the issue of defendants' liability for failure to make an indemnification payment required by the settlement agreement and default on the note secured by the guaranty, and the matter remanded for further proceedings as to damages and otherwise affirmed, without costs.
Pursuant to a settlement agreement dated June 2, 2016, defendants agreed, among other things, to indemnify plaintiff and its principal, Jacob Frydman, for a judgment of about $1.3 million that had been entered against Frydman in another action (see 8430984 Canada, Inc. v United Realty Advisors, 148 AD3d 428 [1st Dept 2017] [the Canada Judgment]). The indemnity provided that defendants and others would reimburse plaintiff and Frydman for any sums paid "against, in reduction of, to acquire or otherwise with the respect to the Canada Judgment, whether voluntarily or involuntarily, whether as payment of, reduction of, satisfaction of, by execution, by purchase of, or otherwise with respect to, the Canada Judgment" and for all "reasonable costs incurred . . . in connection with the Canada Judgment" within thirty days of a demand, time being of the essence.
Contemporaneously with execution of the settlement agreement, a First Capital entity related to defendants executed a note in favor of plaintiff in the amount of approximately $16 million, and defendants executed a guaranty of the note. The note provides that any failure to make an indemnification payment required by the settlement agreement would constitute an event of default under the note, permitting acceleration of the note and imposition of a penalty interest rate.
When Frydman appealed from the Canada Judgment, JFURTI posted a cash bond in the full amount of the judgment to stay execution pending appeal. On the same day, JFURTI demanded that defendants indemnify it for the amount of the bond posted and legal fees paid in connection with the appeal from the judgment. Defendants indemnified plaintiff for the amount of its legal fees, but took the position that the cash bond was not a payment to the judgment creditor that triggered their indemnification obligations.
Thereafter, plaintiff commenced two actions pursuant to CPLR 3213, seeking summary judgment on the settlement agreement and on defendants' guaranty of the note. The motion court found that plaintiff was not entitled to summary judgment under the language of the indemnification provision of the settlement agreement, and dismissed both actions.
Contrary to defendants' position, we find that the broad indemnification provision unambiguously applied and required them to indemnify JFURTI for the cost of the bond posted [*2]in connection with the Canada Judgment. It is well-settled that " [w]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations'" (112 W. 34th St. Assoc., LLC v 112-1400 Trade Props. LLC, 95 AD3d 529, 531 [1st Dept 2012], lv denied 20 NY3d 854 [2012]). Courts may not excise terms, nor distort the ordinary meaning of those used (see Ashwood Capital Inc. v OTG Mgt, Inc., 99 AD3d 1, 8 [1st Dept 2012]; Lend Lease US Constr. LMB. Inc. v Zurich Am. Ins. Co., 136 AD3d 52, 56-57 [1st Dept 2015], affd 28 NY3d 675 [2017]). "That one party to the agreement may attach a particular, subjective meaning to a term that differs from the term's plain meaning does not render the term ambiguous" (id. at 56).
Applying these well-settled rules of construction, the indemnity, by its plain meaning, provides that all sums "otherwise" not itemized that are paid by JFURTI in connection with the Canada Judgment, as well as "all costs" paid in connection with the Canada Judgment, are covered by the indemnity. The cash undertaking was an amount "otherwise" paid by JFURTI in connection with the Canada Judgment and a cost incurred in connection with that Judgment, and therefore triggered defendants' indemnification obligation. Having admittedly failed to reimburse plaintiff for posting of the $1.3 million undertaking within thirty days of its demand, an event of default occurred within the meaning of the note, triggering the guaranty.
On the issue of the applicability of CPLR 3213, the documents herein are not "instruments for the payment of money only," as contemplated by the statute, because they contain obligations beyond just the payment of money and require that payment be made in the future for an unidentified amount (see Weissman v Sinorm Deli, 88 NY2d 437, 444 [1996]). Moreover, the guaranty does not qualify because it is a guaranty for both payments and performance (Dresdner Bank AG. [N.Y. Branch] v Morse/Diesel, Inc., 115 AD2d 64, 68 [1st Dept 1986]). However, when a "plaintiff has mistaken his remedy and CPLR 3213 is in fact not available, the action typically should not be dismissed but simply converted to ordinary form as the statute provides," unless the court orders otherwise (Weissman, 88 NY2d at 445; CPLR 3213). If the claims can be decided on the merits, the court can grant summary judgment accordingly (id. at 445).
Accordingly, we grant summary judgment in plaintiff's favor to the extent indicated, and the matter is remanded for further proceedings concerning the amount of damages incurred in connection with the failure to indemnify and the amount due pursuant to the guaranty of the note.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK