Punch Fashion, LLC v Merchant Factors Corp. (2020 NY Slip Op 01121)





Punch Fashion, LLC v Merchant Factors Corp.


2020 NY Slip Op 01121


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


152276/18 11045 651454/18 11044

[*1] Punch Fashion, LLC, et al., Plaintiffs-Appellants,
v
Merchant Factors Corp., Defendant-Respondent.
Merchant Factors Corp., Plaintiff-Respondent,
v
David Cleary et al., Defendants-Appellants.


Cole Schotz P.C., New York (Arnold P. Picinich and Joseph Barbiere of counsel), for appellants.
Hahn & Hessen LLP, New York (Stephen J. Grable of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered October 16, 2018, in index no. 152276/18, dismissing the action, unanimously reversed, on the law, without costs, the judgment vacated, the part of defendant's motion seeking to dismiss the claim for breach of the covenant of good faith and fair dealing (part of the third cause of action) denied, the part of the motion seeking to dismiss the breach of contract claim (the rest of the third cause of action) and the tortious interference claim (fourth cause of action) granted without prejudice, and it is declared in defendant's favor on the fifth cause of action that the guarantees given by plaintiffs David K. Cleary, John M. Higgins, and Banyan Mezzanine Fund II, L.P. are enforceable. Judgment, same court and Justice, entered December 4, 2018, in index no. 651454/18, against defendants and in plaintiff's favor, unanimously modified, on the law, to vacate so much of the judgment as is against Cleary, to deny plaintiff's motion for summary judgment in lieu of complaint as against him, and to remand the case against him to be converted to a plenary action, and otherwise affirmed, without costs.
The court providently exercised its discretion in sub silentio denying the cross motion to dismiss the action brought by Merchant Factors Corp. pursuant to CPLR 3211(a)(4). Since both cases were before the same Justice, "a major concern" underlying the statute — viz., "to avoid the potential for conflicts that might result from rulings issued by courts of concurrent jurisdiction" (White Light Prods. v On the Scene Prods., 231 AD2d 90, 93 [1st Dept 1997]) — is not present.
In Merchant's action, defendant Banyan's guarantee, which is an absolute and unconditional guarantee of payment, qualifies as an instrument for the payment of money only under CPLR 3213 (Cooperatieve Centrale Raffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]). However, Cleary's guarantee, which is a guarantee of both payment and performance, does not (see PDL Biopharma, Inc. v Wohlstadter, 147 AD3d 494 [1st Dept 2017]; Dresdner Bank AG. [N.Y. Branch] v Morse/Diesel, Inc., 115 AD2d 64, 67-68 [1st Dept 1986]). Therefore, we vacate the judgment as against Cleary, deny Merchant's CPLR 3213 motion as against him, and remand the case against him to be converted to a plenary action (see PDL, 147 AD3d at 494).
Defendants' other arguments in opposition to Merchant's CPLR 3213 motion are unavailing. The fact that one must look at the factoring agreement between Merchant and Punch [*2]Fashion, LLC to determine the amount of the guarantees does not preclude the use of CPLR 3213 (see Manufacturers Hanover Trust Co. v Green, 95 AD2d 737, 737 [1st Dept 1983], appeal dismissed 61 NY2d 760 [1984]; Boland v Indah Kiat Fin. [IV] Mauritius, 291 AD2d 342, 342-343 [1st Dept 2002]). Similarly, the fact that one must look at Merchant's books and records to determine the amount of Obligations under the factoring agreement does not bar the use of CPLR 3213 (see European Am. Bank v Cohen, 183 AD2d 453 [1st Dept 1992]). Both guarantees say that Merchant's books and records "shall be admissible as prima facie evidence of the Obligations." Finally, the affidavit submitted by Merchant does not take this case outside CPLR 3213 (see Manufacturers Hanover, 95 AD2d at 738).
Defendants in Merchant's case and three of the plaintiffs in the case against Merchant (Cleary, Banyan, and Higgins) contend that their guarantees are void because they were given under duress. However, since all of the guarantees are absolute and unconditional, the guarantors may not raise the defense of duress (see Cooperatieve, 25 NY3d at 493-494). In any event, Merchant's alleged threat to stop funding Punch was not a wrongful threat, as required for duress (see 805 Third Ave. Co. v M.W. Realty Assoc., 58 NY2d 447, 451 [1983]).
Defendants in Merchant's case contend that there are triable issues of fact as to whether the amount sought by Merchant included improper chargebacks (see Garden State Yarn Corp. v Rosenthal & Rosenthal, 99 AD2d 721 [1st Dept 1984]) and should be offset by defendants' damages and inventory under Merchant's control. Defendants' absolute and unconditional guarantees preclude such defenses (see Cooperatieve, 25 NY3d at 493-494).
In the case against Merchant, the court correctly dismissed the first cause of action (for fraud in inducing Punch's purchase of nonparty JJamz, Inc.). The allegation that Merchant misrepresented that it would provide a credit facility to Punch upon the same terms and conditions as previously extended to JJamz fails to state a fraud claim because the documentary evidence (the factoring agreements) shows that Merchant actually gave Punch better terms than it gave JJamz. The allegation that Merchant misrepresented that it would not require a guarantee from Cleary sufficiently states "a promise ... made with a preconceived and undisclosed intention of not performing it" (Sabo v Delman, 3 NY2d 155, 160 [1957]; see also e.g. Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956 [1986]). However, rather than seek to rescind the contract and tender back what they received, plaintiffs are trying impermissibly to "affirm the transaction by continuing to perform, keep the property and also recover the costs of acquiring and maintaining it" (VisionChina Media Inc. v Shareholder Representative Servs., LLC, 109 AD3d 49, 56-57 [1st Dept 2013]). There is no indication that Punch ever repudiated the contract by which it acquired JJamz. Yet Punch seeks the consideration it gave to acquire JJamz, and Cleary seeks the funds he infused into JJamz to sustain its operations.
For similar reasons, the dismissal of the second cause of action (fraud in inducing Punch's purchase of nonparty New Life Accessories, Inc. [NLA]) was also correct (see id.). In addition, the second cause of action fails for lack of reasonable reliance (see e.g. Unique Goals Intl., Ltd. v Finskiy, 178 AD3d 626 [1st Dept 2019]). Contrary to plaintiffs' contention on appeal, the amended complaint does not allege that Merchant had particular knowledge of NLA's inventory. Finally, unlike the plaintiffs in DDJ Mgt., LLC v Rhone Group L.L.C. (15 NY3d 147, 156 [2010]), Punch did not obtain a representation and warranty about the allegedly misrepresented matter in its contract.
The court correctly dismissed so much of the third cause of action as alleges that Merchant breached the factoring agreement by misclassifying receivables as disputed and then charging them back to Punch's account. Punch failed to object to the monthly account statements within 30 days, as required by the agreement (see Silvermark Corp. v Rosenthal & Rosenthal Inc., 18 Misc 3d 1124[A], 2008 NY Slip Op 50196[U], *3 [Sup Ct, NY County 2008]). Although Punch contends on appeal that Merchant made it impossible for Punch to object within 30 days, the amended complaint does not allege this.
So much of the third cause of action as alleges that Merchant breached the covenant of good faith and fair dealing implied in the factoring agreement states a cause of action (see Silvermark, 2008 NY Slip Op 50196[U] at *3-4). Since we have dismissed the part of the third [*3]cause of action that alleges breach of contract, the portion of the third cause of action that alleges breach of the implied covenant cannot be dismissed as duplicative (see Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 305 [1st Dept 2003]).
The court correctly dismissed the fourth cause of action (for tortious interference with Punch's contract with nonparty Luanne Trovato) for failure to adequately allege but-for causation (see Meer Enters., LLC v Kocak, 173 AD3d 629, 630-631 [1st Dept 2019]).
The fifth cause of action seeks a declaration that Cleary's, Higgins's, and Banyan's guarantees are void due to economic duress. As discussed, the guarantors cannot succeed on this argument; hence, this cause of action was correctly dismissed.
We modify only to declare in Merchant's favor (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK