Acquiom Agency Servs. LLC v Fox Capital LLC (2024 NY Slip Op 51000(U))

[*1]

Acquiom Agency Servs. LLC v Fox Capital LLC

2024 NY Slip Op 51000(U)

Decided on August 2, 2024

Supreme Court, New York County

Patel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 2, 2024
Supreme Court, New York County

Acquiom Agency Services LLC, Plaintiff,

against
Fox Capital LLC, CBCC 1 LLC, CBCC 2 LLC, CBCC 3 LLC, CBCC 4 LLC, CBCC 5 LLC, WESTWOOD JACKSON APTS MM LLC, WESTWOOD JACKSON APTS LLC, CBRM REALTY INC., Defendants.

Index No. 652265/2024

Counsel for Plaintiff: Lazar William Sterling-Jackson, Esq., of Pryor Cashman LLP
Counsel for Defendant: Ronald Louis Greene, Esq., of Hinman Howard & Kattell LLP

Anar Rathod Patel, J.

The following e-filed documents listed by NYSCEF document number (Motion 001): [*2]1—13, 16—28 were read on this motion for SUMMARY JUDGMENT IN LIEU OF COMPLAINT.
Plaintiff Acquiom Agency Services LLC ("Plaintiff or "Acquiom") moves, pursuant to CPLR § 3213, for summary judgment in lieu of complaint against Defendants Fox Capital LLC, CBCC 1 LLC, CBCC 2 LLC, CBCC 3 LLC, CBCC 4 LLC, CBCC 5 LLC ("Guarantor Group 1") and Westwood Jackson Apts. MM LLC, Westwood Jackson Apts. LLC and CBRM Realty INC. ("Guarantor Group 2") (collectively, "Defendants" or "Guarantors") in the amount of $19,185,000, as well as interest, attorney's fees, and expenses. For the reasons discussed below, Plaintiff's motion is granted. 
 Relevant Factual and Procedural History
On June 2, 2022, non-party Moshe Silber [FN1]
("Borrower") entered into a Credit Agreement with certain lenders, whereby the lenders agreed to make loans to Borrower upon Borrower's request. NYSCEF Doc. Nos. 3 at ¶ 5 (Campobasso Aff.); 4 at § 2.03 (Credit Agreement). Plaintiff served as administrative agent and collateral agent on the loans made pursuant to the Credit Agreement. NYSCEF Doc. Nos. 3 at ¶ 5; 4 at 1. Also on June 2, 2022, to induce the lenders to extend credit and make loans under the Credit Agreement, Guarantor Group 1 entered into a Guaranty Agreement, which guaranteed Borrower's obligations related to the lenders' loans. NYSCEF Doc. Nos. 3 at ¶ 9; 8 at 1 (Guaranty Agreement). The Guaranty Agreement states that each Guarantor shall be "jointly and severally unconditionally and irrevocably" liable to fully and completely repay in cash to Plaintiff (in its capacity as administrative agent for the lenders) the outstanding loan principal, unpaid interest, fees and damages, if they arise. NYSCEF Doc. No. 8 at 1. The Guaranty Agreement provides the ability for other entities to become Guarantors at a later date "with the same force and effect as if originally named." Id. at ¶ 14. Pursuant to said provision, Guarantor Group 2 executed a Guaranty Supplement on November 28, 2023. NYSCEF Doc. Nos. 3 at ¶ 12; 9 at 1 (Guaranty Supplement). 
Borrower ultimately received three (3) loans under the terms of these agreements: (1) a loan in the aggregate amount of $15,000,000 on or about June 2, 2022; (2) a loan in the aggregate amount of $4,000,000 on or about October 18, 2023; and (3) a loan in the aggregate amount of $7,500,000 on or about November 28, 2023. NYSCEF Doc. No. 3 at ¶ 6; see also NYSCEF Doc. Nos. 5—7 (Borrowing Requests). Borrower has paid down some of the principal amounts on these loans, but $19,185,000 remains unpaid as of the filing of this motion. NYSCEF Doc. Nos. 3 at ¶ 7; 10 (Issuer Reminder). 
On March 1, 2024, Borrower defaulted by failing to pay at least $234,798.70 in interest. NYSCEF Doc. No. 3 at ¶ 15; see also NYSCEF Doc. No. 10. This default triggered the Defendants' liability under the Guaranty. NYSCEF Doc. No. 4 at § 7.01 (Credit Agreement).[FN2]
[*3]On March 6, 2024, Plaintiff sent a letter to Borrower and to all Guarantors notifying them of the default and demanding immediate payment. NYSCEF Doc. No. 3 at ¶¶ 16—17, see also NYSCEF Doc. No. 11. On April 2, 2024, Plaintiff sent another letter to Borrower and to all Guarantors reminding them of their contractual obligations to Plaintiff. NYSCEF Doc. No. 3 at ¶¶ 25, see also NYSCEF Doc. No. 12 ("Reservation of Rights"). Plaintiff did not receive a response to either of these letters from any Guarantor. NYSCEF Doc. No. 3 at ¶ 25. 
Plaintiff commenced this action on May 2, 2024, by filing a Summons and Motion for Summary Judgment in Lieu of Complaint pursuant to CPLR § 3213. NYSCEF Doc. Nos. 1—15. Plaintiff seeks summary judgment on the total aggregate principal balance outstanding on loans made under the Credit Agreement in the amount of $19,185,000, in addition to all fees and other monetary obligations, with interest accruing as to each obligation at a rate defined in the Loan Documents. 
Defendants filed their Opposition on June 17, 2024. NYSCEF Doc. Nos. 25—27. Defendants argue that Plaintiff's motion should be denied because: (1) the Guaranty Agreement does not qualify as an instrument for the payment of money only, as is required under CPLR § 3213; (2) the agreement is comprised of and refers to multiple documents; and (3) there are non-monetary performance components to the obligations. NYSCEF Doc. No. 26 at 1 ("Defs.' Mem. of Law in Opp'n"). Plaintiff filed a Reply on June 27, 2024. NYSCEF Doc. No. 28. 

Legal Discussion
CPLR § 3213 provides an expedited path to resolution when an action is based upon "documentary claims so presumptively meritorious that a formal complaint is superfluous, and even the delay incident upon waiting for an answer and then moving for summary judgment is needless." Weissman v. Sinorm Deli, 88 NY2d 437, 443 (1996) (internal quotations omitted). "When an action is based upon an instrument for the payment of money only . . . the plaintiff may serve with the summons a motion for summary judgment and the supporting papers in lieu of a complaint." CPLR § 3213. "An unconditional guaranty is an instrument for the payment of 'money only' within the meaning of CPLR 3213." Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. ("Rabobank, Intl.") v. Navarro, 25 NY3d 485, 492 (2015). 
"To meet its prima facie burden on its summary judgment motion, [Plaintiff] must prove 'the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty. Thereafter, 'the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense.'" Id. (internal citations omitted). 
Here, "Plaintiff satisfied its prima facie burden on its CPLR 3213 motion for summary judgment in lieu of complaint by submitting the guaranties executed by defendants [see NYSCEF Doc. Nos. 8 (Guaranty Agreement) and 9 (Guaranty Supplement)], the underlying loan agreement [see NYSCEF Doc. No. 4 (Credit Agreement)], and its demand letters establishing the borrower's default [see NYSCEF Doc. Nos. 11 (Notice of Event of Default and Acceleration) and 12 (Reservation of Rights Letter)] and defendants' failure to perform under the guaranties [see NYSCEF Doc. Nos. 3 (Campobasso Aff.) and 10 (Issuer Reminder Statement)]." DB 232 Seigel Mezz LLC v. Moskovits, 223 AD3d 610, 611 (1st Dept. 2024) (internal citations omitted). [*4]Thus, Plaintiff has established that Defendants made an unconditional promise to guarantee "the faithful, prompt, and complete payment" (NYSCEF Doc. No. 8 at ¶ 1) of the debt and has failed to do so. 
Defendants argue that the Guaranty Agreement is not an "instrument for the payment of money only" as required by CPLR § 3213 because of the reference to "the payment and performance . . . of all Obligations" in the Guaranty Agreement. NYSCEF Doc. No. 26 at 3 (alteration and emphasis in original). This argument does not withstand even minimal scrutiny when viewing the unaltered provision from the Guaranty Agreement:
1. Guaranty. In consideration of the benefit derived or to be derived by it from the Credit Agreement from and after the Closing Date, each Guarantor hereby jointly and severally unconditionally and irrevocably guarantees to Administrative Agent for the benefit of the Secured Parties, as a primary obligor and not merely as a surety, the faithful, prompt and complete payment and performance in full in cash of all Obligations, including (x) amounts that would become due but for the operation of the automatic stay under Section 362(a) of the Bankruptcy Code (as defined below) or similar laws, and (y) any default interest provided for under the Credit Agreement or any other Loan Document (including default or other interest accruing during the pendency of any bankruptcy, insolvency, receivership or other similar proceeding, whether or not a claim for such interest is allowed or allowable in such proceeding).
NYSCEF Doc. No. 8 at 1 (emphasis added). Further, when consulting the Credit Agreement for a definition of "Obligations"[FN3]
, it remains clear that the "Obligations" are entirely monetary in nature. See NYSCEF Doc. No. 4 at 16. Defendants point to the terms "performance" and "Obligations," but do not identify specific non-monetary performance obligations that are condition precedent to repayment under the Guaranty Agreement. "[T]he mere addition of the words 'and performance' does not necessarily remove the guaranty from the category of instruments for the payment of money only . . . ." 27 West 72nd Street Note Buyer v. Terzi, 194 AD3d 630, 632 (1st Dept. 2021). Where Defendants do identify specific elements of performance, they are mischaracterized and create requirements for Defendants' performance where no such obligation exists. The "performance of numerous affirmative obligations, duties, and covenants of sweeping scope" are drawn from the Credit Agreement and are covenants between Borrower and the Administrative Agent and Lenders—not the Guarantors. See NYSCEF Doc. No. 4 at §§ 5.01—5.16 (Affirmative Covenants), §§ 6.01—6.10 (Negative Covenants).
Next, Defendants argue that CPLR § 3213 is unavailable because the extent of obligations and definition of the event of default cannot be determined through the Guaranty Agreement alone. This argument is also unavailing. CPLR § 3213 "is available where a right to payment can be ascertained from the face of a document." Boland v. Indah Kiat Finance (IV) Mauritius Ltd., 291 AD2d 342, 342 (1st Dept. 2002). Here, the Guaranty Agreement establishes Plaintiff's prima facie case of a right to payment. Reference to the Credit Agreement and an affidavit to assert non-payment does not take the Guaranty Agreement out of the purview of CPLR § 3213. "Recourse to CPLR 3213 was appropriate since the guaranty was 'an instrument [*5]for the payment of money only.' The fact that the obligations guaranteed were evidenced in a series of underlying [documents] did not alter this fact . . . ." Bank of America, N.A. v. Solow, 59 AD3d 304, 305 (2009); see also Punch Fashion, LLC v. Merchant Factors Corp., 180 AD3d 520, 522 (2020) ("The fact that one must look at the factoring agreement between Merchant and Punch Fashion, LLC to determine the amount of the guarantees does not preclude the use of CPLR 3213.").
In addition to the unpaid principal amounts, Plaintiff also seeks "all monetary sums due under the Loan Documents, including, but not limited to, interest on all outstanding Term Loans and all fees and other unpaid obligations," as well as Plaintiff's expenses and attorney's fees incurred by reason of Borrower's failure to pay the debt. NYSCEF Doc. No. 13 at 9. Plaintiff provides no support for an amount of interest due, and any calculation of interest thereto. While the Credit Agreement provides for recovery of interest, including at a higher rate upon default, as does the Guaranty Agreement, Plaintiff has provided no amount and/or calculation for the amount it is seeking. NYSCEF Doc. Nos. 4 at 30, 8 at 1. As to attorney's fees, Plaintiff has not established that it is entitled to attorney's fees pursuant to the Credit Agreement or Guaranty Agreement. Plaintiff provides no support, or citation, to any section of the agreements that would entitle it to an award of attorney's fees.
Therefore, the Court grants Plaintiff's motion as to liability and the aggregate principal amount, and directs an inquest as to an award of interest. The Court denies Plaintiff's application for attorney's fees.
Accordingly, it is hereby
ORDERED that Plaintiff's Motion for Summary Judgment in Lieu of Complaint is granted as to liability and in the amount of nineteen million, one-hundred and eighty-five thousand dollars and zero cents ($19,185,000), and directs an inquest as to an award of interest; and it is further
ORDERED that the parties shall appear before the Court for an inquest on August 15, 2024 at 10:00 a.m. in Courtroom 428.
DATE August 2, 2024
ANAR RATHOD PATEL, A.J.S.C.

Footnotes

Footnote 1:Mr. Silber is the Sole Member of each LLC in Guarantor Group 1, "Managing Member" of Westwood Jackson Apts. MM LLC, "Authorized Signatory" of Westwood Jackson Apts. LLC, and "Chief Executive Officer" of CBRM Realty INC. NYSCEF Doc. Nos. 8 at 12—13; 9 at 3.

Footnote 2:The Credit Agreement states in relevant part: "Commitments shall automatically terminate and the principal of the Loans then outstanding, together with accrued interest thereon and all fees and other Obligations accrued hereunder, shall automatically become due and payable . . . ." NYSCEF Doc. No. 4 at § 7.01 (Credit Agreement).

Footnote 3:The Guaranty Agreement indicates that the Credit Agreement is the source of definitions for all capitalized terms.