| |
|---|
| **Davidoff Hutcher & Citron LLP v Gladstone** |
| 2024 NY Slip Op 33266(U) |
| September 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653652/2023 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. NICHOLAS W. MOYNE</u>                PART                    41M

*Justice*

-----------------------------------------------------------------------------X

DAVIDOFF HUTCHER & CITRON LLP,                INDEX NO.            653652/2023

Plaintiff,                  MOTION DATE          07/27/2023

- v -                      MOTION SEQ. NO.          001

ROBERT GLADSTONE, MADISON EQUITIES, LLC            **DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 8, 9

were read on this motion to/for            <u>JUDGMENT - SUMMARY IN LIEU OF COMPLAINT</u>.

Upon the foregoing documents, it is

Plaintiff, Davidoff Hutcher & Citron LLP ("Plaintiff") moves for summary judgment in lieu of complaint, pursuant to CPLR § 3213, against Robert Gladstone ("Gladstone") and Madison Equities, LLC ("Madison" and collectively, "Defendants"). Plaintiff alleges that the parties executed a written guaranty (the "Guaranty"), with Defendants being jointly and severally liable, for an amount owed for legal services rendered in two prior litigations- wherein Plaintiff represented Gladstone. Plaintiff is seeking to recover $184,655.46, representing the amount of the unpaid legal fees (*see* NYCEF Doc. No. 1). In consideration for this guarantee of payment, Plaintiff alleges to have committed to remain as Gladstone's counsel and refrain from commencing suit to recover those funds owed for at least 90 days. Plaintiff, in commencing this action, claims that the payment for legal fees allegedly owed has not yet been rendered and that the 90-day waiting period has long expired.

CPLR § 3213 provides for accelerated judgments "when an action is based upon an instrument for the payment of money only." In the event that a given document meets the

[* 1]

statute's standards, a Plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint to the Defendant (*Id.*). On August 22, 2023, Plaintiff, in accordance with the methods prescribed by Limited Liability Company Law § 303, served Madison with the summons and complaint for this action (*see* NYSCEF Doc. No. 9). Additionally, on August 2, 2023, Plaintiff sought to personally serve Gladstone with the summons and notice of motion for summary judgment in lieu of complaint with the accompanying motion papers in this action at his place of permanent residence, 400 West 61st Street, New York, New York (*see* NYCEF Doc. No. 8). After the process server arrived and explained his purpose to the building's concierge, the concierge called Gladstone's unit. (*Id.*) Gladstone declined to meet the process server either in the lobby or at his apartment, directing the concierge instead to accept the papers on his behalf. (*Id.*)

The validity of this method of service was contemplated by the Court of Appeals in *F.I. duPont, Glore Forgan & Co. v. Chen*, 41 NY2d 794 (1977). In that case, the Court found that the doorman in question qualified as "a person of suitable age and discretion" under CPLR § 308 (*Id.* at 797). Moreover, the Court determined that service in the building's lobby constituted service "at the actual dwelling place" of the Defendants—particularly under circumstances where a doorman restricts access to a Defendant's apartment (*Id.*). "In our analysis if a process server is not permitted to proceed to the actual apartment by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested" (*Id.* at 797–98). Shortly thereafter, the process server validly mailed another set of the summons and motion papers to Gladstone's residence as per the requirements of CPLR § 308(2) (*see* NYCEF Doc. No. 8).

**653652/2023   DAVIDOFF HUTCHER & CITRON LLP vs. GLADSTONE, ROBERT ET AL**          **Page 2 of 5**
**Motion No.  001**

2 of 5

CPLR § 3213 was enacted to streamline the process for claims accompanied by strong documentary evidence, allowing for immediate action without the need of a formal complaint or time spent waiting for a summary judgment (*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v Navarro*, 25 NY3d 485, 491 [2015]). Naturally, the majority of cases permitting the use of a CPLR § 3213 accelerated judgment have concerned "some variety of commercial paper in which the party to be charged has formally and explicitly acknowledged an indebtedness," so that "a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms" (*Interman Indus. Prods, Ltd. v R.S.M. Electron Power*, 37 NY2d 151, 154–55 [1975]). A guaranty which is absolute and unconditional may be considered an instrument for the payment of money only as within the meaning of CPLR § 3213 (*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v Navarro*, 25 NY3d 485, 492 [2015]). The commercial paper or similar instrument must contain an "unconditional promise to pay a sum certain, signed by the maker and due on demand or at a definite [future] time" (*Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]). Moreover, the court must be able to determine those obligations from the plain face of the document, without the need for external evidence (*Matas v Alpargatas S.A.I.C.*, 711 NYS2d 178, 179 [1st Dept 2000]).

Therefore, under the statute's meaning, a document will not qualify for CPLR § 3213 treatment if it requires consulting other materials besides the bare document and proof of nonpayment, or if it must make more than de minimis deviation from the face of the document instruments (*PDL Biopharma, Inc., v Wohlstadter*, 47 NYS3d 494, 495 [1st Dept 2017]). Put another way, instruments exhibiting complexity or ambiguity in its terms, beyond a mere acknowledgement of indebtedness and failure to make payment, should be denied the benefit of the procedural expediency of CPLR § 3213 (*see Id.*). Therefore, for a guaranty of the present

**653652/2023 DAVIDOFF HUTCHER & CITRON LLP vs. GLADSTONE, ROBERT ET AL** Page 3 of 5
**Motion No. 001**

3 of 5

type to qualify as an instrument of payment for money only per CPLR § 3213, it must not include any contingent conditions or conditions precedent, such as performance requirements, or complex obligations (*Punch Fashion, LLC v Merchant Factors Corp.*, 180 AD3d 520, 521 [1st Dept 2020]; *iPayment, Inc. v Silverman*, 192 AD3d 586, 587 [1st Dept 2021]; *PDL Biopharma, Inc.* 47 NYS3d at 495–496; [finding that relief was not available where the court needed to consider the parties' agreements, circumstances, and other complicated arrangements added a level of complexity excluding it from the statute's scope]).

Here, Plaintiff has established its entitlement to summary judgment by submitting proof of the Guaranty, signed by Defendants and for a sum certain, and evidence of Defendants failure to make payment as required under its terms (*DB 232 Seigel Mezz LLC v Moskovits*, 223 AD3d 610, 611 [1st Dept 2024]; *27 W. 72nd St. Note Buyer LLC v Terzi*, 194 AD3d 630, 631 [1st Dept 2021] [submission of relevant documents in addition to affidavits are sufficient to establish a prima facie case on a motion pursuant to CPLR § 3213]). The provisions of the Guaranty contain absolute and unconditional language, including where Defendants acknowledged that the sum of $184,655.46 is due and owing, for which there is no offset, defense or counterclaim thereto, and Gladstone and Madison Equities, LLC, are jointly and severally liable for the total amount (NYSCEF Doc. No. 4). The Guaranty also includes that Plaintiff agreed it will take no effort to enforce this claim for a period of 90 days, with the understanding that Defendants would provide a proposed payment plan, subject to Plaintiffs approval, on or before the expiration of 90 days (*Id.*). Therefore, the terms of the Guaranty required no additional performance by Plaintiff as a condition precedent to payment and Defendants' promise to pay was nothing other than unconditional (*Park Union Condominium v 910 Union St., LLC*, 140 AD3d 673, 674 [1st Dept 2016]). Therefore, as Plaintiff has made a prima facie case, summary judgment may be granted.

**653652/2023   DAVIDOFF HUTCHER & CITRON LLP vs. GLADSTONE, ROBERT ET AL**     **Page 4 of 5**
**Motion No.  001**

4 of 5

Accordingly, it is hereby

ORDERED that Plaintiff, Davidoff Hutcher & Citron LLP's, motion for Summary Judgment in Lieu of Complaint is GRANTED in its entirety; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of Plaintiff, Davidoff Hutcher & Citron LLP, and against Defendants, Robert Gladstone and Madison Equities, LLC, jointly and severally, in the amount of $184,655.46, together with statutory interest from the date of this decision and order, together with costs and disbursements as calculated by the Clerk upon submission of an appropriate bill of costs.

This constitutes the decision and order of the court.

20240917163534NW0YN25768E6E199464523AD7B0EA9052B8E5A

_____     _____
**9/16/2024**                    **NICHOLAS W. MOYNE, J.S.C.**
**DATE**

| CHECK ONE: | ☒ | CASE DISPOSED | | | ☐ | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | ☒ | GRANTED | ☐ | DENIED | ☐ | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | | ☐ | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | | ☐ | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

**653652/2023   DAVIDOFF HUTCHER & CITRON LLP vs. GLADSTONE, ROBERT ET AL**       Page 5 of 5
**Motion No. 001**

5 of 5