Museum Bldg. Holdings, LLC v Schreiber (2025 NY Slip Op 01584)

Museum Bldg. Holdings, LLC v Schreiber

2025 NY Slip Op 01584

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 653485/22|Appeal No. 3928|Case No. 2023-04217|

[*1]Museum Building Holdings, LLC, Plaintiff-Respondent,
v
Joel Schreiber, Defendant-Appellant.

Goldberg Weprin Finkel Goldstein LLP, New York (Kevin J. Nash of counsel), for appellant.
Duane Morris LLP, New York (David T. McTaggart of counsel), for respondent.

Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered July 28, 2023, awarding plaintiff a money judgment against defendant, and bringing up for review an order, same court and Justice, entered June 7, 2023, which granted plaintiff's motion for summary judgment in lieu of complaint and denied defendant's motion to compel plaintiff to accept untimely opposition papers, unanimously affirmed, with costs.
Plaintiff established prima facie that it properly served defendant pursuant to CPLR 308(4). The process server's affidavits established that she attempted to serve defendant at his home four times over eight days, and at different times of the day, before affixing the papers to his door and mailing them to him (see Matter of BNB Bank v HealthFirst PHSP Inc., 193 AD3d 525, 526 [1st Dept 2021]; Hochhauser v Bungeroth, 179 AD2d 431, 431 [1st Dept 1992]). Defendant's denial of service was insufficient to warrant a traverse hearing (see Sharbat v Law Offs. of Michael B. Wolk, P.C., 121 AD3d 426, 427 [1st Dept 2014]).
Supreme Court providently exercised its discretion in denying defendant's motion to compel acceptance of his untimely opposition pursuant to CPLR 3012(d) (see Emigrant Bank v Rosabianca, 156 AD3d 468, 472 [1st Dept 2017]). Defendant did not oppose plaintiff's motion until more than four months after the motion was filed and two months after the motion's opposition deadline (see 599 Ralph Ave. Dev., LLC v 799 Sterling Inc., 34 AD3d 726 [2d Dept 2006]). Even if considered, the court correctly determined that defendant's undisputed breach of the guaranty could be summarily adjudicated via CPLR 3213, as an absolute, unconditional, and irrevocable guarantee of payment is an instrument for the payment of money only (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]; Punch Fashion, LLC v Merchant Factors Corp., 180 AD3d 520, 521 [1st Dept 2020], lv dismissed 35 NY3d 1124 [2020]).
Contrary to defendant's argument, the mere addition of the words "and performance" does not remove the guaranty from the category of instruments for the payment of money only, particularly when the sentence includes "as and when the same shall be due and payable" (see e.g. 27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 632 [1st Dept 2021], lv denied 37 NY3d 913 [2021]). Furthermore, summary judgment in lieu of complaint is appropriate "even though the obligation was referenced by underlying agreements" (Nordea Bank Finland PLC v Holten, 84 AD3d 589, 590 [1st Dept 2011]; see Arbor-Myrtle Beach PE LLC v Frydman, 202 AD3d 464, 465 [1st Dept 2022]), and the fact that one must look at the nonparty borrower's "books and records to determine the amount of" the debt "does not bar the use of CPLR 3213" (Punch Fashion, 180 AD3d at 522).
Defendant's reliance on the protections for guarantors under RPAPL 1371(2) is unavailing, as the property in this case is located outside of New [*2]York State (see Provident Sav. Bank & Trust Co. v Steinmetz, 270 NY 129, 133 [1936]; Wells Fargo Bank, N.A. v Bajana, 228 AD3d 526, 527 [1st Dept 2024]; Taylor, Bean & Whitaker Mtge. Corp. v Daniel, 225 AD3d 437, 439 [1st Dept 2024]). In addition, defendant waived the right to assert any defenses in connection with the guaranty, including the express argument pertaining to credit bids at foreclosure.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025