27 W. 72nd St. Note Buyer LLC v Terzi (2021 NY Slip Op 03364)





27 W. 72nd St. Note Buyer LLC v Terzi


2021 NY Slip Op 03364


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Gische, J.P., Kern, Oing, Shulman, JJ. 


Index No. 654084/19, 654085/19 Appeal No. 13945-13946-13947-13947A Case No. 2020-02582, 2020-03930 2021-00518 2020-02576 2020-03865 

[*1]27 West 72nd Street Note Buyer LLC, Plaintiff-Respondent,
v
Jack Terzi, Defendant-Appellant.
31 East 28th Street Note Buyer LLC, Plaintiff-Respondent,
v
Jack Terzi et al., Defendants-Appellants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn (Andrea J. Caruso of counsel), for appellants.
Woods Oviatt Gilman LLP, Rochester (John C. Nutter of counsel), for respondents.



Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 13, 2020, against defendant in favor of plaintiff 27 West 72nd Street Note Buyer LLC, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about May 8, 2020, which granted plaintiff's motion for summary judgment in lieu of complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Judgment, same court and Justice, entered October 9, 2020, against defendant in plaintiff's favor in the principal amount of $24,720.50, plus interest, unanimously modified, on the law and the facts, to reduce the principal sum to $12,611.50, and otherwise affirmed, without costs. Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about April 23, 2020, which, insofar appealed from as limited by the briefs, granted the motion of plaintiff 31 East 28th Street Note Buyer LLC for summary judgment in lieu of complaint, unanimously affirmed, without costs.
In both cases, the motion courts properly found that plaintiffs established their prima facie right to summary judgment in lieu of complaint based on the existence of the guaranties, the underlying debt and the guarantor's failure to perform under the guaranties (see Cooperative Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]). In support, plaintiffs submitted the relevant documents in addition to affidavits, which this Court has found to be sufficient to establish a prima facie case on a motion pursuant to CPLR 3213 (see Simon v Industry City Distillery, Inc., 159 AD3d 505 [1st Dept 2018]).
Defendants' arguments that plaintiffs failed to make a prima facie case because plaintiffs' principal lacked personal knowledge of the facts mentioned in his affidavits, plaintiffs failed to qualify the documents it submitted as business records and plaintiff failed to include a payment schedule with the moving papers may not be raised for the first time on appeal, as they are not purely legal arguments (see e.g. U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 146 AD3d 603 [1st Dept 2017]). If defendants had argued at nisi prius that plaintiffs' initial showing was insufficient, plaintiffs would have been able to "supplement its papers . . . so as to establish its entitlement to summary judgment in lieu of complaint" (Sea Trade Mar. Corp. v Coutsodontis, 111 AD3d 483, 486 [1st Dept 2013]). In any event, defendants cannot establish that plaintiffs failed to make out their prima facie case as they do not dispute the existence of the guaranties, the underlying debts or their failure to perform under the guaranties (John William Costello Assoc. v Standard Metals Corp., 99 AD2d 227, 229 [1st Dept 1984], appeal dismissed 62 NY2d 942 [1984]["facts appearing in the movant's papers, which the opposing party does not controvert, may be deemed to be admitted"]).
Defendants' contention that the guaranties do not qualify [*2]as instruments for the payment of money only, as required by CPLR 3213, because they guarantee performance as well as payment and reference must be made to documents outside the guaranties to determine if the debt service coverage ratio (DSCR) conditions have been met, is unavailing. Although this argument was raised for the first time on appeal, since these are "legal issues appearing on the face of the record which could not have been avoided" if they had been raised earlier, we will address the argument (Rojas-Wassil v Villalona, 114 AD3d 517 [1st Dept 2014]).
The guaranty at issue in 27 West 72nd St. qualifies as an instrument for the payment of money only because it guarantees only payment and not performance. Although one of the guaranty's recitals says, "Lender is not willing to make the Loan unless Guarantor unconditionally guarantees payment and performance of the Guaranteed Obligations," the actual operative provision of the guaranty says, "Guarantor guarantees the payment of the Guaranteed Obligations."
The guaranty at issue in 31 East 28th St. also qualifies as an instrument for the payment of money only. Although it says, "Guarantor guarantees the payment and performance of the Guaranteed Obligations as and when due and payable," the mere addition of the words "and performance" does not necessarily remove the guaranty from the category of instruments for the payment of money only, particularly when the sentence ends with "as and when due and payable." In addition, the definition of "Guaranteed Obligations" shows that the obligations are to pay money. By contrast, in PDL Biopharma, Inc. v Wohlstadter (147 AD3d 494 [1st Dept 2017]), the guarantors guaranteed both payment and performance of the borrower's "obligations," but "[t]he term 'obligations' [wa]s not defined in either of the guaranties" (id. at 495). The term was defined in the Credit Agreement; it included the provision of certain information (see id.). In other words, the obligations were not limited to paying money.
Further, the fact that plaintiffs had to submit an affidavit saying the DSCR conditions had not been met does not disqualify the guaranties as instruments for the payment of money only as "simple proof of nonpayment or a similar de minimis deviation from the face of the document" may be offered to establish a prima facie case under CPLR 3213 (Weissman v Sinorm Deli, 88 NY2d 437, 444 [1996]). Moreover, defendants do not dispute that plaintiffs have not been provided with a signed lease for either of the units at issue, that the units are vacant and that the DSCR specified in the guaranties has not been met.
The motion court properly awarded default interest at the rate of 24% from August 10, 2017, the maturity date of the Note. Defendants guaranteed repayment in full of the loan, and the note says, "upon maturity of this Note (whether by acceleration or otherwise) . . ., the interest payable on this Note shall be at the rate of twenty-four percent."[*3]
While a hearing on attorneys' fees was not required in 27 West 72nd St. (see JK Two LLC v Garber, 171 AD3d 496, 496-497 [1st Dept 2019]), the amount awarded was excessive. The guaranty makes defendant liable for attorneys' fees "incurred by Lender in the enforcement hereof or the preservation of Lender's rights hereunder." Although plaintiff commenced the instant action in July 2019, the fees it requested go back to May 2019; those early entries relate to the underlying foreclosure actions in 27 West 72nd St., 31 East 28th St., and yet another action, not the case at bar. Except for three entries ("Study terms of Terzi Guaranty" on 6/5/19, "plan for action on guaranty" on 6/17/19, and "Revise guaranty demand" on 6/28/19), the entries on the May and June 2019 invoices are not recoverable in this action, which reduces the fees to $15,083.50.
The fees plaintiff incurred in an action brought by the condominium where the borrower's unit was located are also not recoverable. Plaintiff brought the instant action on the guaranty, not to collect on the note. Even if an action on a guaranty were deemed an action on the note, plaintiff's fees in the condominium case were not incurred to secure collection of the note. "A guaranty is to be interpreted in the strictest manner" (White Rose Food v Saleh, 99 NY2d 589, 591 [2003]). Deducting the fees from the condominium case further reduces the fees to be awarded to plaintiff to $12,611.50.
We have considered defendants' remaining arguments, including that defendant in 27 West 72nd St. is responsible for only $813,370.11 as opposed to $1 million and that both actions should have been stayed, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021