YH Lex Estates LLC v H F Z Capital Group LLC (2022 NY Slip Op 01282)





YH Lex Estates LLC v H F Z Capital Group LLC


2022 NY Slip Op 01282


Decided on March 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 01, 2022

Before: Gische, J.P., Oing, Kennedy, Mendez, Shulman, JJ. 


Index No. 655980/20 Appeal No. 15398 Case No. 2021-02287 

[*1]YH Lex Estates LLC, Plaintiff-Appellant,
v
H F Z Capital Group LLC et al., Defendants-Respondents, Nir Meir, Defendant.


Susman Godfrey L.L.P., New York (Mark H. Hatch-Miller of counsel), for appellant.
Morrison Cohen LLP, New York (Christopher Milito of counsel), for respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about June 9, 2021, which denied plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint as to defendants HFZ Capital Group LLC and Ziel Feldman, unanimously reversed, on the law, with costs, and the motion granted.
The action was appropriately commenced under CPLR 3213 because the instruments sued upon were for the payment of money only and required no reference to external documents to determine the clear and material terms within the four corners (see 27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 632 [1st Dept 2021], lv denied 37 NY3d 913 [2021]).
Defendants failed to raise a triable issue as to whether their managing principal, codefendant Nir Meir, acted with apparent authority to bind HFZ to the agreements. Defendants held him out as "managing principal" of the firm, he controlled the office and day-to-day functions, and HFZ's member, defendant Feldman, was fully aware of Meir's role in the negotiation of the transaction (see Hallock v State of New York, 64 NY2d 224, 231 [1984]).
There was also no issue of fact that Feldman ratified the loan transaction for HFZ and the restated guaranty on his own behalf. For several months, Feldman had notice of all the underlying transactions, as well as the default thereunder and negotiations to resolve it. He then received actual copies of the allegedly unauthorized agreements, signed by Meir and one bearing his own ostensible signature, but conducted no investigation and made no objection for the three months prior to being sued. This sufficiently establishes ratification (see generally Leser v U.S. Bank Natl. Assn., 2012 WL 4472025, *19-20, 2012 US Dist LEXIS 139493, *61-64 [ED NY, Sept. 25, 2012, No. 09-CV-2362 (KAM/MDG)]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 1, 2022