International Fin. Group, Inc. v Hambrecht (2022 NY Slip Op 02066)





International Fin. Group, Inc. v Hambrecht


2022 NY Slip Op 02066


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ. 


Index No. 656465/20 Appeal No. 15592-15592A Case No. 2021-02387 2021-03436 

[*1]International Financial Group, Inc., Plaintiff-Respondent,
v
William Hambrecht, Defendant-Appellant. 


Baritz & Colman LLP, New York (David S. Richan of counsel), for appellant.
Venable LLP, New York (Matthew T. McLaughlin of counsel), for respondent.



Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered August 17, 2021, in favor of plaintiff and against defendant in the amount of $27,267,028.10, upon the grant of summary judgment in lieu of complaint on a note, unanimously affirmed, with costs. Appeal from underlying order, same court and Justice, entered May 25, 2021, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
To establish prima facie entitlement to summary judgment in lieu of complaint under CPLR 3213, a plaintiff must show the existence of a "promissory note executed by the defendant containing an unequivocal and unconditional obligation to repay and the failure of the defendant to pay in accordance with the note's terms" (Zyskind v FaceCake Mktg. Tech., Inc., 101 AD3d 550, 551 [1st Dept 2012]). As the promissory note provides that Delaware law applies, the statute of limitations is six years (10 Del Code § 8109).
Pursuant to Delaware case law, the statute of limitations for each discrete wrongful action begins to run on the occurrence of each transaction (Desimone v Barrows, 924 A2d 924, n 39 [Del Ch 2007]). Breaches are separate when they are "discrete and readily determinable violation[s]" of the contract (Norman v Elkin, 961 F3d 275, 285-286 [3d Cir 2020] [following Delaware law]). If there are separate violations of the contract, each claim arises separately on each breach (Bean v Fursa Capital Partners, LP, 2013 WL 755792, *5 [Del Ct Ch February 28, 2013]).
According to defendant, an event of default occurred in 2012, when he failed to provide certain financial documents as he covenanted to do by the terms of a guaranty executed to guarantee payment on the note. As a result, he asserts, this action was untimely commenced. However, that breach of the agreement, under Delaware law, is "discrete and readily determinable" from his subsequent breach when he failed to pay the amount owing under the note on the final maturity date in 2015. As plaintiff elected to enforce the breach by nonpayment in 2015, its action was timely brought under the Delaware statute of limitations.
Based on our determination, we need not reach the other arguments.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022