## KTB CRE Debt Fund No. 11 v Rosen

2024 NY Slip Op 33784(U)

October 23, 2024

Supreme Court, New York County

Docket Number: Index No. 652332/2024

Judge: Anar Rathod Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 45

-------------------------------------------------------------------------X

KTB CRE DEBT FUND NO. 11, IN ITS CAPACITY
AS FACILITY AGENT AND LENDER, KTB CRE
DEBT FUND NO. 12, IN ITS CAPACITY AS
FACILITY AGENT AND LENDER

                                Plaintiffs,

                    - v -

ABY ROSEN, MICHAEL FUCHS,

                                Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NOS.** | 652332/2024, 652772/2024 |
| **MOTION DATES** | 05/06/2024, 05/29/2024 |
| **MOTION SEQ. NOS.** | 001, 001 |

**DECISION + ORDER ON MOTIONS**

**HON. ANAR RATHOD PATEL**

     The following e-filed documents, listed by NYSCEF document number (Motion 001) 2–17, 38, 55–67, 71, 73, 75–98 were read on this motion for <u>SUMMARY JUDGMENT IN LIEU OF COMPLAINT</u> (Index No. 652332/2024).

     The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 39–51 were read on this motion for <u>SUMMARY JUDGMENT IN LIEU OF COMPLAINT</u> (Index No. 652772/2024).

     Pursuant to the Court's July 31, 2024 Decision and Order, these cases were consolidated under Index. No. 652332/2024. [1] *See* NYSCEF Doc. No. 54. Plaintiffs KTB Credit Debt Fund No. 11 ("KTB 11"), and KTB Credit Debt Fund No. 12 ("KTB 12") (collectively "Plaintiffs" or "Lenders") move pursuant to CPLR § 3213 for summary judgment in lieu of complaint against Defendants Aby Rosen and Michael Fuchs (collectively, "Defendants" or "Guarantors") for damages related to two separate loans provided by Plaintiffs and guaranteed by Defendants.

     Specifically, Lenders seek to recover $1,067,195.41 (with pre-judgment interest accruing from March 15, 2024, when payment was due), and $7,122,464.42 (with pre-judgment interest accruing from May 23, 2024, when payment was due) resulting from a defaulted Senior Mezzanine Credit Facility. Lenders also seek to recover $444,713.68 (with pre-judgment interest accruing from March 15, 2024, when payment was due), and $9,511,584.19 (with pre-judgment interest accruing from May 23, 2024, when payment was due) resulting from a defaulted Junior Mezzanine

Credit Facility. Lenders also seek attorneys' fees and court costs for enforcing the Guaranties.

---

[1] This Decision and Order refers to the NYSCEF document numbers relevant to index number 652332/2024, under which the related cases are consolidated, and where reference is made to a NYSCEF document number under index number 652772/20242, the Court denotes as such by the addition of "A" after the document number.

**652332/2024   KTB CRE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL**
**Motion No. 001**

**Page 1 of 6**

1 of 6

NYSCEF Doc. Nos. 2–4, 92, 93, 2A–4A.

Defendants move *via* cross-motion to dismiss Plaintiffs' claims pursuant to CPLR § 3211(a)(1), (3), and (7). NYSCEF Doc. Nos. 55, 67, 39A, 51A.

## Relevant Factual and Procedural History

These related cases arise from personal guaranties by and between Plaintiffs and Defendants issued on two defaulted loans.

On November 6, 2017, Plaintiff KTB 11, in its capacity as facility agent and lender, made a senior mezzanine loan to non-party 285 Madison Mezzanine, LLC in the amount of $120,000,000. NYSCEF Doc. No. 4 (Park Aff.) at ¶ 3. On the same date, Plaintiff KTB 12 made a junior mezzanine loan to non-party 285 Madison Mezzanine 2, LLC in the amount of $85,000,000. *Id.* at ¶ 19. Contemporaneously, Defendants executed loan documents providing their joint and several personal guaranties for each loan; the Guaranties are separate but substantively identical. NYSCEF Doc. Nos. 6 (Senior Mezzanine Loan Guaranty), 13 (Junior Mezzanine Loan Guaranty).

Notably, in Defendants' Guaranties, they jointly and severally agree to "absolutely, irrevocably, and unconditionally" guarantee both loan facilities made by Plaintiffs to non-party obligors 285 Madison Mezzanine, LLC and 285 Madison Mezzanine 2, LLC. NYSCEF Doc. Nos. 6 at § 1.1; NYSCEF Doc No. 13 at § 1.1. Defendants waived all defenses, other than the defense of "actual, timely payment." NYSCEF Doc. No. 6 at §§ 1.5, 1.9(b), 2.1, 3.1(j); NYSCEF Doc. No. 13 at §§ 1.5, 1.9(b), 2.1, and 3.1(j).

Guarantors additionally agreed to pay "out-of-pocket costs and expenses (including court costs and reasonable, out-of-pocket attorneys' fees and expenses)" incurred in connection with enforcement of the Guaranties. NYSCEF Doc. No. 6 at § 6.4; NYSCEF Doc. No. 13 at § 6.4.

On November 10, 2022, all parties executed a "First Omnibus Amendment" for each loan facility. NYSCEF Doc. Nos. 7 (Senior Mezzanine Amendment), 14 (Junior Mezzanine Amendment). The Amendments expanded the original definition of the term "Guaranteed Obligations" to include: "(i) all obligations and liabilities of Borrower pursuant to Section 8.19(b) of the Loan Agreement and (ii) all obligations and liabilities of . . . Borrower in respect of due and unpaid Capitalized Interest, Modification Fees, Special Servicing Fees, Lender Reimbursement Amounts and Interest Reserve Deposit Amounts." NYSCEF Doc. No. 7 at 8; NYSCEF Doc. No. 14 at 9.

On February 12, 2024, non-party obligors 285 Madison Mezzanine LLC and 285 Madison Mezzanine 2 LLC defaulted under their respective loan agreements by failing to pay amounts due and owing to Plaintiffs. NYSCEF Doc. No. 4 at ¶¶ 14, 18, 30, 34. The breakdown of amounts due consists of:

(i)      Senior Mezzanine loan: failure to pay $153,125 towards the Modification Fee, failure to pay $200,000 in Special Servicing Fees, failure to pay $60,000 towards the Lender Reimbursement Amount, and failure to deposit $654,070.41 towards the Interest Reserve Amount; and

**652332/2024 KTB CRE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL**
**Motion No. 001**

**Page 2 of 6**

2 of 6

[* 2]

(ii)      Junior Mezzanine loan: failure to pay $17,708.35 towards the Modification Fee, failure to pay $141,666.70 in Special Servicing Fees, failure to pay $42,500 towards the Lender Reimbursement Amount, and failure to deposit $242,838.63 towards the Interest Reserve Amount.

On February 29, 2024, Plaintiffs sent 285 Madison Mezzanine, LLC, 285 Madison Mezz 2, LLC, and each Defendant a notice of default and an immediate demand for payment and deposit of these aforementioned amounts. To date, Defendants have not remitted payment towards these amounts. NYSCEF Doc. No. 4 at ¶¶ 18, 34.

On May 7, 2024, Lenders accelerated the loans based on the previously mentioned default events, and declared the indebtedness, including Capitalized Interest, immediately payable. NYSCEF Doc. No. 4A (Park Aff. II) at ¶¶ 19, 21, 25, 41, 43, 47; *see also* NYSCEF Doc. Nos. 9A (2024.05.07_Senior Mezz Lender's Amended Notice to Senior Mezz Borrower of Acceleration of Loan), 17A (2024.05.07_Junior Mezz Lender's Notice to Junior Mezz Borrower of Acceleration of Loan). The breakdown of amounts due (Capitalized Interest) consists of:

(i)      Senior Mezzanine loan: failure to pay $7,122,464.42 in Capitalized Interest; and
(ii)     Junior Mezzanine loan: failure to pay $9,511,584.19 in Capitalized Interest.

On May 8, 2024, Plaintiffs sent 285 Madison Mezzanine, LLC, 285 Madison Mezz 2, LLC, and each Defendant a notice of acceleration and an immediate demand for payment of the Capitalized Interest. To date, Defendants have not remitted payment due under the Guaranties and related loan documents. NYSCEF Doc. No. 4A (Park Aff. II) at ¶¶ 25, 47.

## Legal Discussion

To establish *prima facie* entitlement to summary judgment in lieu of complaint under CPLR § 3213, Plaintiffs "must show the existence of a 'promissory note executed by the defendant containing an unequivocal and unconditional obligation to repay and the failure of the defendant to pay in accordance with the note's terms.'" *Int'l Fin. Grp., Inc. v. Hambrecht*, 162 N.Y.S.3d 725, 725 (1st Dept. 2022) (quoting *Zyskind v. FaceCake Mktg. Techs., Inc.*, 956 N.Y.S.2d 45 (1st Dept. 2012)); *see also* 27 *W. 72nd St. Note Buyer LLC v. Terzi*, 150 N.Y.S.3d 34 (1st Dept. 2021), *lv denied* 37 N.Y.3d 913, 2021 WL 4782862 (2021). To recover under a guaranty, Plaintiffs must show "the existence of the guaranties and underlying debts as well as defendant guarantor's failure to perform under the guaranties." *BBM3, LLC v. Vosotas*, 216 A.D.3d 403, 403 (1st Dep't. 2023).

Plaintiffs have satisfied their *prima facie* burden on their motion for summary judgment in lieu of complaint by submitting: (1) the underlying loan agreements for each loan (NYSCEF Doc. Nos. 5, 12); (2) the personal guaranties of each Defendant for each loan (NYSCEF Doc. Nos. 6, 13); (3) the first omnibus amendment to the loan agreement for each loan (NYSCEF Doc. Nos. 7, 14); and (4) the demand letter to guarantors for payment for each loan (NYSCEF Doc. Nos. 9, 10, 16, 17). *See DB 232 Seigel Mezz LLC v. Moskowitz*, 223 A.D.3d 610, 611 (1st Dept. 2024) ("Plaintiff satisfied its *prima facie* burden on its CPLR 3213 motion for summary judgment in lieu of complaint by submitting the guaranties executed by defendants, the underlying loan agreement, and its demand letters establishing the borrower's default and defendants' failure to perform under the guaranties."). Plaintiffs also submit the Affirmations of Claire Park, Team Head and General

Manager of Plaintiffs KTB 11 and KTB 12, setting forth the amounts due and stating that Defendants have not made any of the payments due and owing to Plaintiffs as obligated under Defendants' Guaranties. NYSCEF Doc. No. 4 at ¶¶ 18, 34; NYSCEF Doc. No. 4A at ¶¶ 22, 25.

In opposition, Defendants argue that: (1) trusts are legal fictions with no standing to sue; (2) Plaintiffs were not registered to do business in New York; (3) Plaintiffs did not register with the FDIC and/or the New York Department of Financial Services; (4) the affirmation of Claire Park is defective; and (5) the language of the loan documents refers to "payment and performance" as opposed to payment of money only. NYSCEF Doc. No. 67, 51A (Defs.' Mem. in Opp'n to Mot. and in Supp. of Cross-Mot.).

However, in their opposition and cross-motion, Defendants' glaringly fail to address the outcome-determinative language in the signed Guaranties that prevents Defendants from offering any of said defenses for consideration. Specifically prohibited in the plain language of the guaranties is any defense, other than "actual, timely payment." NYSCEF Doc. No. 6 at §§ 1.5, 1.9(b), 2.1, 3.1(j); NYSCEF Doc. No. 13 at §§ 1.5, 1.9(b), 2.1, and 3.1(j). Defendants do not refute that they have defaulted under the Guaranties.

"Guaranties that contain language obligating the guarantor to payment without recourse to any defenses or counterclaims, *i.e.*, guaranties that are 'absolute and unconditional,' have been consistently upheld by New York courts." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 36 N.E.3d 80 (2015). Further, unconditional guaranties for payment, which include a waiver of defenses, "preclude guarantors from asserting a broad range of defenses." *Id*.

Defendants further argue that the Guaranties are not instruments for the payment of money only, but require a guaranty of performance by the Borrower as well. NYSCEF Doc. No. 67 and 12–13. Defendants rely on the following provisions of the Guaranties and Amendments, which reference "performance" of Guaranteed Obligations:

> WHEREAS, the Lenders require as a condition to making the Loan that Guarantor agrees to unconditionally guaranty to Facility Agent for the benefit of Lenders, the full and timely payment and **performance of the Guaranteed Obligations** (as hereinafter defined);
>
> 1.1 Guaranty of Obligations. Guarantor hereby absolutely, irrevocably and unconditionally guarantees to Facility Agent the full and timely payment and **performance of all of the Guaranteed Obligations as and when the same shall be due and payable**, whether by lapse of time, by acceleration of maturity or otherwise; provided that such guaranty shall terminate upon the repayment in full of the Indebtedness. Guarantor hereby absolutely, irrevocably, and unconditionally covenants and agrees that it is liable for the Guaranteed Obligations as primary obligor.
>
> 4. Amendment of Guaranty. Section 1.2 of the Guaranty is hereby deleted and replaced in its entirety by the following: 1.2 Definitions of Guaranteed Obligations. As used herein, the term **"Guaranteed Obligations" means (i) all obligations and liabilities of Borrower pursuant to Section**

**652332/2024 KTB CRE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY AGENT AND**          **Page 4 of 6**
**LENDER ET AL vs. ROSEN, ABY ET AL**
**Motion No. 001**

**8.19(b) of the Loan Agreement and (ii) all obligations and liabilities of Borrower in respect of due and unpaid Capitalized Interest, Modification Fees, Special Servicing Fees, Lender Reimbursement Amounts and Interest Reserve Deposit Amounts**.

NYSCEF Doc. Nos. 6, 7, 13, 14 (emphasis added). Section 8.19(b) relates to the Borrower's obligations to indemnify and hold harmless the Facility Agent and Lenders against various claims—which are, by their nature, payment obligations.

As this Court has held previously in *Acquiom Agency Servs. LLC v. Fox Cap. LLC*, 2024 WL 3643594, at *3 (Sup. Ct. N.Y. Cty. Aug. 2, 2024), the mere addition of the term "performance" without any identification of what the non-monetary performance entails does not render the Guaranty outside the ambit of CPLR § 3213. *See also 27 W. 72nd St. Note Buyer LLC*, 194 A.D.3d at 632 ("the mere addition of the words 'and performance' does not necessarily remove the guaranty from the category of instruments for the payment of money only, particularly when the sentence ends with 'as and when due and payable.'"). Furthermore, the Guaranties do not require additional performance by the Lenders as a condition precedent to the Guarantor's payment obligations. *See BBM3, LLC*, 216 A.D.3d at 404.

Accordingly, Plaintiffs have established entitlement to recover liability under the Guaranties. Defendants do not claim that the loans are current in payment and do not dispute the amounts Plaintiffs allege are due and owing under the loan agreements and Guaranties. Because the language in the loan documents prohibits any affirmative defenses, other than timely payment, this Court declines to address the other defenses offered by Defendants. Plaintiffs' evidence demonstrates that Defendants agreed to be responsible for obligations on the two subject loan facilities. The borrowers defaulted on the loans and have not repaid the amounts owed. Nor has either Defendant, under his Guaranty, paid the amounts owed. Plaintiffs have further established entitlement to enforcements costs per Sections 6.4 of the Guaranties, subject to the submission of proof of costs and fees incurred.

All other arguments raised and evidence submitted by the parties have been considered by the Court notwithstanding the specific absence of reference thereto.

Accordingly, it is hereby

**ORDERED** that the Court grants Plaintiffs' Motion for Summary Judgment in Lieu of Complaint against Defendants, jointly and severally, in the amount of $1,511,909.09 plus statutory pre-judgment interest from March 15, 2024; and it is further

**ORDERED** that the Court grants Plaintiffs' Motion for Summary Judgment in Lieu of Complaint against Defendants, jointly and severally, in the amount of $16,634,048.61 plus statutory pre-judgment interest from May 23, 2024; and it is further

**ORDERED** that within fourteen (14) days of the entry of this Decision and Order, Plaintiffs' counsel shall file an affirmation to the Court, not exceeding five (5) pages, setting forth its claimed costs and attorneys' fees, explaining why such fees are reasonable and attaching documentary proof thereof and a proposed order, and Defendants may file a five (5) page letter in

652332/2024  KTB CRE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY AGENT AND                                   Page 5 of 6
LENDER ET AL vs. ROSEN, ABY ET AL
Motion No.  001

5 of 6

opposition within seven (7) days of Plaintiff filing its submission; and it is further

**ORDERED** that if Plaintiffs fail to timely file their submission, Plaintiffs shall be deemed to have waived their claims for attorneys' fees; and it is further

**ORDERED** that the Clerk is directed to enter judgment in favor of Plaintiffs, and against Defendants, jointly and severally, in the amount as set forth in this Decision and Order and in the amount of attorneys' fees and costs to be awarded to Plaintiff as set forth herein.

The foregoing constitutes the decision and order of this Court.

20241023154260ARPATEL43551045656843B1994C50E3F865FFA3

| | |
|---|---|
| **10/23/24** | |
| **DATE** | **ANAR RATHOD PATEL, A.J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652332/2024   KTB CRE DEBT FUND NO. 11, IN ITS CAPACITY AS FACILITY AGENT AND LENDER ET AL vs. ROSEN, ABY ET AL**
**Motion No.  001**

Page 6 of 6

6 of 6

[* 6]