Abrahami v Feldman (2025 NY Slip Op 01158)

Abrahami v Feldman

2025 NY Slip Op 01158

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Index No. 652641/21|Appeal No. 3798|Case No. 2024-04457|

[*1]Avishai Abrahami, Plaintiff-Appellant,
v
Zeil Feldman, Defendant-Respondent, Nir Meir, Defendant.

Zeichner Ellman & Krause LLP, New York (Kevin Badkhshan and Michael E. Sims of counsel), for appellant.
Morrison Cohen LLP, New York (David E. Ross of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.) entered July 2, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.
Plaintiff loaned $30 million to nonparties HFZ Member RP Portfolio LLC and HFZ Member RB Acquisitions (the borrowers), owned by defendant Zeil Feldman. The loan documents included a carveout guaranty under which Feldman individually guaranteed the payment and performance of all carveout obligations. There is no dispute that defendant Nir Meir, the former managing principal of the borrowers, forged Feldman's signature on the carveout guaranty and misappropriated most of the loan proceeds.
Supreme Court correctly denied plaintiff's motion for summary judgment as against Feldman on the claims for breach of the carveout guaranty because questions of fact remain as to whether Feldman ratified the forged guaranty, and whether he benefitted from Meir's fraud (see Matter of Cologne Life Reins. Co. v Zurich Reins. [N. Am.], 286 AD2d 118, 127 [1st Dept 2001]).
The record fails to conclusively establish when Feldman first learned that Meir had entered into the loan and carveout guaranty by forging Feldman's signature. Nor is it clear that the $250,000 distribution Feldman received immediately after the borrowers received the loan proceeds was connected to Meir's fraud, which would have required him to return those proceeds (see U.S. Bank N.A. v Gutierrez, 136 AD3d 571, 571 [1st Dept 2016]; cf. YH Lex Estates LLC v HFZ Capital Group LLC, 203 AD3d 417, 417-418 [1st Dept 2022]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025