| Blue Wine Holdings, LLC v Kazi |
|---|
| 2026 NY Slip Op 30805(U) |
| March 5, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 650985/2024 |
| Judge: Robert Reed |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 43

---------------------------------------------------------------------------X

| | | |
|---|---|---|
| BLUE WINE HOLDINGS, LLC | **INDEX NO.** | 650985/2024 |
| Plaintiff, | | |
| | **MOTION DATE** | 02/26/2024 |
| - v - | | |
| FAIZULMUNIR KAZI, | **MOTION SEQ. NO.** | 001 |
| Defendant. | **DECISION + ORDER ON MOTION** | |

---------------------------------------------------------------------------X

**HON. ROBERT R. REED:**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 12
were read on this motion for _____JUDGMENT - SUMMARY IN LIEU OF COMPLAINT_____.

This is an action that involves nonpayment on a personal guarantee. In motion sequence

001, plaintiff Blue Wine Holdings LLC moves for summary judgment in lieu of a complaint. No

opposition to the motion has been filed. For the foregoing reasons, plaintiff's motion is granted

in its entirety.

**Background**

Plaintiff alleges that on March 18, 2019 the parties entered into a loan transaction in

connection with a real estate development deal (NYSCEF doc. no. 3). Allegedly, Blue Wine

transferred $600,000 to two companies owned by Faizulmunir Kazi: Excellent Development I

LLC and Siseneg LLC. Kazi then executed and delivered a Secured Promissory Note and a

personal guarantee on the loan.

Pursuant to Section 3(a) of the Note, interest on the principal balance of $600,000.00 was

to accrue at a rate of 14% per annum, calculated on the basis of a 360-day year, from March 18,

2019 until the date of maturity, May 17, 2019. Pursuant to Section 3(c) of the Note, after and

**650985/2024   BLUE WINE HOLDINGS, LLC vs. KAZI, FAIZULMUNIR**
**Motion No.  001**

Page 1 of 4

1 of 4

during the occurrence of an Event of Default, as defined in the Mortgage, interest on the principal balance would accrue at a rate of 24% per annum, calculated based on a 360-day year, or the highest rate permitted by law.

In January 2023, Blue Wine filed a summons and motion, pursuant to CPLR§ 3213, against Excellent Development and Siseneg, for summary judgment in lieu of a complaint under index number 650583/2023. On August 4, 2023, the Court granted judgment in favor of Blue Wine in the amount of $1,249,459.80, which included interest on the note, and default interest, as provided in the terms of the note (NYSCEF doc. no. 11).

Since the filing of the case against EDI and Siseneg, Blue Wine has purportedly received payments totaling $35,000, leaving a balance of $1,433,217.98 due and owing to Blue Wine as of February 15, 2024.

This action was commenced to collect against Kazi on the personal guarantee on the loan, including all costs and fees incurred by Blue Wine for efforts to enforce and collect on the note. No opposition to the motion has been filed.

## Discussion

Pursuant to CPLR 3213, "[w]hen an action is based upon an instrument for the payment of money only the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." "An unconditional guaranty is an instrument for the payment of 'money only' within the meaning of CPLR 3213" (*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," NY Branch v Navarro*, 25 NY3d 485, 492 [2015]).

When a CPLR 3213 motion is based on a guaranty, a plaintiff may establish a *prima facie* right to summary judgment in lieu of complaint by showing "the existence of the guaranties, the

**650985/2024  BLUE WINE HOLDINGS, LLC vs. KAZI, FAIZULMUNIR**
**Motion No. 001**

**Page 2 of 4**

2 of 4

[* 2]

underlying debt and the guarantor's failure to perform under the guaranties" (*27 W. 72nd St. Note Buyer LLC v Terzi*, 194 AD3d 630, 630-631 [1st Dept 2021]). An affidavit may be sufficient to establish a default in payment (*see, e.g.*, *8430985 Can. Inc. v. United Realty Advisors LP*, 148 AD3d 428, 428 [1st Dept 2017]). References to other agreements in the instrument do not necessarily qualify or alter the obligation to pay on the instrument (*Embraer Fin. Ltd. v Servicios Aere. os Profesionales, S.A.*, 42 AD3d 380, 381 [1st Dept 2007]).

Plaintiff establishes a prima facie case by showing "the existence of the guaranties, the underlying debt and the guarantor's failure to perform under the guaranties" (*27 W. 72nd St. Note Buyer LLC v Terzi*, 194 AD3d 630, 630-631 [1st Dept 2021]). Here, plaintiff has met its burden by the submission of the Promissory note, Guarantee, and the affidavit of Blue Wine Managing Member Steve Slobodski (affidavit, NYSCEF doc. no. 3), who avers that payment was provided pursuant to the promissory note, a guaranty was fully executed, payment to Blue Wine was not made in accordance with the note terms, and Kazi failed to perform as required by the terms of the guaranty.

Once a plaintiff submits evidence establishing prima facie entitlement to judgment, "the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense" (*Cooperatieve Centrale*, 25 NY3d at 492). No opposition to the instant motion has been filed. There is no evidence before this court that suggests the existence of a triable issue of fact or presents a bona fide defense. Summary judgment, therefore, is warranted.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment in lieu of complaint is granted, in its entirety; and it is further

**650985/2024 BLUE WINE HOLDINGS, LLC vs. KAZI, FAIZULMUNIR**
**Motion No. 001**

Page 3 of 4

3 of 4

[* 3]

ORDERED that plaintiff shall promptly submit a proposed judgment consistent with this decision and inclusive of all reasonable attorneys' fees to chambers and the Clerk of Part 43 for entry (SFC-PART43@nycourts.gov; SFC-PART43-Clerk@nycourts.gov).

_____3/5/26_____
**DATE**

_____
**ROBERT REED, J.S.C.**

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**650985/2024   BLUE WINE HOLDINGS, LLC vs. KAZI, FAIZULMUNIR**
**Motion No. 001**

Page 4 of 4

4 of 4

[* 4]