Air Prods. & Chems., Inc. v World Energy, LLC

2026 NY Slip Op 02150

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Air Products and Chemicals, Inc., Plaintiff-Respondent,

v

World Energy, LLC, Defendant-Appellant.

Decided and Entered: April 09, 2026

Index No. 652646/25|Appeal No. 6323|Case No. 2025-06712|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Cohen & Gresser LLP, New York (Daniel H. Tabak of counsel) and Honigman LLP, Detroit, MI (Matthew G. Mrkonic of the bar of the State of California and the State of Michigan, admitted pro hac vice, of counsel), for appellant.

Skadden, Arps, Slate, Meagher & Flom LLP, New York (Scott D. Musoff of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 20, 2025, awarding plaintiff damages in the amount of $343,014,718.45, and bringing up for review an order, same court and Justice, entered on September 19, 2025, which granted plaintiff's CPLR 3213 motion for summary judgment in lieu of complaint, unanimously affirmed.

Plaintiff established prima facie entitlement to summary judgment in lieu of complaint by furnishing copies of the guaranty, the underlying credit agreement, default notices, and an affidavit attesting to the absence of any payments from defendant as guarantor (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 491-492 [2015]). The court correctly determined that defendant's undisputed breach of the guaranty could be summarily adjudicated pursuant to CPLR 3213, as this absolute, unconditional, and irrevocable guarantee of payment is an instrument for the payment of money only (see BBM3, LLC v Vosotas, 216 AD3d 403, 404 [1st Dept 2023]). Nor does the inclusion of the word "performance" remove this guaranty from the category of instruments for the payment of money only, particularly where the sentence includes the words that it "guarantees . . . the due and punctual payment in full when due" (see Museum Bldg. Holdings, LLC v Schreiber, 236 AD3d 526, 527 [1st Dept 2025], lv denied 44 NY3d 909 [2025]; 27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 632 [1st Dept 2021], lv denied 37 NY3d 913 [2021]).

That the guaranty was part of a larger transaction does not, by itself, bar accelerated treatment, and to the extent there was a need for limited review of the underlying credit agreement to establish the obligation and amount of liability, this does not affect the availability of CPLR 3213 (see Arbor-Myrtle Beach PE LLC v Frydman, 202 AD3d 464, 465 [1st Dept 2022]). Plaintiff did not have to comply with the dispute resolution provisions in the parties' other agreements before bringing an action pursuant to CPLR 3213 to enforce the guaranty.

The court correctly found that defendant has not identified any performance obligations in the guaranty or any other required determinations concerning the amounts owed that would have necessitated a factual inquiry (see AB Commercial Real Estate Debt - B2 S.A.R.L. v Holtzman, 236 AD3d 506, 507 [1st Dept 2025]; cf. PDL Biopharma, Inc. v Wohlstadter, 147 AD3d 494, 495-496 [1st Dept 2017]).

Moreover, the court properly determined the interest rate applicable under the terms of the credit agreement and the guaranty.

We have considered defendant's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026